Thomas D. Berghman
Texas Bar No. 24082683
Jacob J. King
Texas Bar No. 24136951
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 4000
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
E-mail: tberghman@munsch.com
jking@munsch.com

GENERAL COUNSEL TO
SCOTT M. SEIDEL, CHAPTER 7 TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re:<br><br>LENPAR OPERATIONS, LLC,<br><br>Debtor. | §<br>§<br>§<br>§<br>§<br>§ | Case No. 23-32492-sgj7<br><br>Chapter 7 |
| SCOTT M. SEIDEL, TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>MARK PARMERLEE, MICHAEL PARMERLEE, DIANE PARMERLEE, MATTHEW PARMERLEE, HENRY LEONARD, CHRIS MITCHELL, LENPAR, LLC, GOLDEN TREE RESTAURANTS, LLC, MP INTERESTS, LTD., F.P. GRAPEVINE 2023, LLC, F.P. FORT WORTH 2022, LLC, GFC LEASING CORP., LLC, MP INTERESTS MANAGEMENT, LLC, GOLDEN OPERATING CORPORATION, MARSHALL FISCO JR., JAMES MAXWELL, NANCY JACOBI, DAVID RUTOWSKI, AND CHERYL BULLARD<br><br>Defendant(s). | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Adv. No. 25-03115-sgj |

## MOTION FOR CLERK'S ENTRY OF DEFAULT AGAINST CHRIS MITCHELL

TO THE CLERK OF COURT:

COMES NOW Scott M. Seidel (the "Trustee"), the duly appointed Chapter 7 trustee of the bankruptcy estate (the "Estate") of Lenpar Operations, LLC (the "Debtor"), the debtor in the above styled and numbered Chapter 7 bankruptcy case (the "Bankruptcy Case"), and the plaintiff in the above styled and numbered adversary proceeding (the "Adversary Proceeding"), and files this *Motion for Clerk's Entry of Default Against Chris Mitchell* (the "Motion"), and in support, respectfully states as follows:

## JURISDICTION AND VENUE

1. On October 31, 2023 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, thereby initiating the Bankruptcy Case and creating the Estate.

2. The Trustee is the duly appointed Chapter 7 trustee of the Estate.

3. This Court has subject matter jurisdiction over this Complaint under 28 U.S.C. § 1334. Such jurisdiction is core under 28 U.S.C. § 157(b)(2).

4. To the extent any matter asserted herein does not give rise to a core proceeding, the Trustee consents to the entry of a final judgment on any issue or claim asserted in this Adversary Proceeding.

5. Venue of this Complaint is proper in this District and Division under 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

6. By this Motion, the Trustee respectfully requests the Clerk's entry of default against Defendant Chris Mitchell. This Motion is supported by the *Declaration of Jacob J. King* (the "King Declaration"), attached as **Exhibit A** and incorporated herein by reference for all purposes.

## BACKGROUND

7. On October 30, 2025, the Trustee filed his *Original Complaint* [Docket No. 1] (the "Complaint") initiating this Adversary Proceeding against the following defendants (each a "Defendant," and together, the "Defendants"):

i. Mark Parmerlee;

ii. Michael Parmerlee;

iii. Diane Parmerlee;

iv. Matthew Parmerlee;

v. Henry Leonard;

vi. Chris Mitchell;

vii. Lenpar, LLC;

viii. Golden Tree Restaurants, LLC;

ix. MP Interests, Ltd.;

x. F.P. Grapevine 2023, LLC;

xi. F.P. Fort Worth 2022, LLC;

xii. GFC Leasing Corp., LLC;

xiii. MP Interests Management, LLC;

xiv. Golden Operating Corporation;

xv. Marshall Fisco Jr.;

xvi. James Maxwell;

xvii. Nancy Jacobi;

xviii. David Rutowski; and

xix. Cheryl Bullard.

8. On October 31, 2025, summons were issued by the Clerk, which the Trustee served on that same day on each Defendant by U.S. first class mail, postage prepaid. *See Summons in an Adversary Proceeding* [Docket No. 3]; *see also Summons Service Executed* [Docket Nos. 6–25].

9. Under Bankruptcy Rule 7012, each Defendant was required to answer or otherwise respond to the Complaint by December 1, 2025–the first business day which occurred thirty (30) days after the issuance of the summons. FED. R. BANKR. P. 7012(a).

10. Defendants (i) Mark Parmerlee; (ii) Michael Parmerlee; (iii) Diane Parmerlee; (iv) Matthew Parmerlee; (v) Lenpar, LLC; (vi) Golden Tree Restaurants, LLC; (vii) MP Interests, Ltd.; (viii) F.P. Grapevine 2023, LLC; (ix) F.P. Fort Worth 2022, LLC; (x) GFC Leasing Corp., LLC; (xi) MP Interests Management, LLC; (xii) Golden Operating Corporation; (xiii) Marshall Fisco Jr.; (xiv) James Maxwell; (xv) Nancy Jacobi; (xvi) David Rutowski; and (xvii) Cheryl Bullard each answered the Complaint.

11. At the time of filing this Motion, Chris Mitchell has failed to answer or otherwise respond to the Complaint by the deadline, and has also failed to contact the Trustee, the undersigned attorneys, or the law firm of Munsch Hardt Kopf & Harr, P.C. to request a formal or informal extension of such deadline.

## **ARGUMENTS AND AUTHORITIES**

12. Bankruptcy Rule 7055 incorporates Federal Rule of Civil Procedure 55, providing that: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead

or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a).

13. As set forth herein, and as evidenced by the King Declaration, Chris Mitchell failed to answer or otherwise respond to the Complaint or summons by the statutory deadline, and remains in default at the time of the filing of this Motion.

14. The Trustee timely served the Complaint and summons on Chris Mitchell via U.S. first class mail, postage prepaid, in compliance with Bankruptcy Rule 7004(b) and (e). *See Summons Service Executed* [Docket No. 11].

15. The deadline for Chris Mitchell to answer or otherwise respond to the Complaint under Bankruptcy Rule 7012(a) has passed as of the filing of this Motion. Chris Mitchell's deadline to answer or otherwise respond to the Complaint and summons was December 1, 2025– the first business day which occurred thirty (30) days after the issuance of the summons. FED. R. BANKR. P. 7012(a). Chris Mitchell also failed to contact the Trustee, the undersigned counsel, or the law firm of Munsch Hardt Kopf & Harr, P.C. to request a formal or informal extension of such deadline.

16. Chris Mitchell is not an infant, incompetent, or in the military service.

17. Accordingly, under Bankruptcy Rule 7055, the Clerk's entry of default against Chris Mitchell is appropriate.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that the Clerk enter default against Chris Mitchell, and that Trustee be granted all other and further relief, at law or in equity, to which he is justly entitled.

RESPECTFULLY SUBMITTED this 9th day of July 2026.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Jacob J. King*
Thomas D. Berghman
Texas Bar No. 24082683
Jacob J. King
Texas Bar No. 24136951
500 N. Akard Street, Suite 4000
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Email: tberghman@munsch.com
jking@munsch.com

**GENERAL COUNSEL TO SCOTT M. SEIDEL, CHAPTER 7 TRUSTEE**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2026, I caused true and correct copies of this document to be served electronically through the Court's CM/ECF system on all parties entitled to receive notice thereby, and by U.S. first class mail, postage prepaid, on the following:

Chris Mitchell
1805 W. Spring Creek Pkwy., Apt. TT1
Plano, Texas 75023

By: */s/ Jacob J. King*
Jacob J. King